IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mary L. Weathers, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 3:10-cv-00272-TLW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On December 20, 2011, plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by Defendant, Commissioner of Social Security ("Defendant" or "Commissioner"), in this action was not substantially justified. (Doc. #29). In the motion, plaintiff's counsel seeks reimbursement in the total amount of the amount of $6,071.75 (37.25 hours of work by the attorney at $163.00 per hour). (Doc. #29). Defendant filed a Response on January 6, 2012, in which he contends that Plaintiff's request for attorney's fees should be denied because the government's position in this matter was substantially justified. (Doc. #30). Defendant further argues that, in the event this Court grants Plaintiff's motion, any fees awarded may only be awarded to the Plaintiff, and not to her attorney. (Doc. #30). Plaintiff filed a Reply to Defendant's Response on January 17, 2012. (Doc. #31).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). District courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially justified" in terminating social security benefits, for purposes of determining whether award of attorney's

1

fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. <u>Anderson v. Heckler</u>, 756 F.2d 1011 (4th Cir. 1984).

In this case, this Court entered an Order on September 21, 2011 reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g) and remanding the case to the Commissioner for further proceedings. (Doc. #26). While the reversal of an agency decision for lack of substantial evidence does not raise a presumption that the agency was not substantially justified, after careful review, this Court believes on the record before it that an award of attorney's fees is appropriate in this case.

Based on the foregoing and after carefully considering the briefs and materials submitted by the parties, the Court overrules the Defendant's Response (Doc. #30) opposing the Plaintiff's motion for attorneys fees in part. The Court grants Defendant's request that the attorney's fees be awarded only to the Plaintiff, and not to her attorney. <u>See</u> 28 U.S.C. § 2412(d); <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521, 2526.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (Doc. #29) is **GRANTED** in the amount of $6,071.75 (37.25 hours of work by the attorney at $163.00 per hour). The Defendant is hereby directed to pay to Plaintiff the award of attorney's fees.

**IT IS SO ORDERED**.

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Chief United States District Judge

January 31, 2013
Columbia, South Carolina